UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD MARTINEZ,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-560-P |
| VERSUS | JUDGE DRELL |
| INDALECIO RAMOS, *ET AL.*,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is an unopposed Motion to Dismiss (ECF No. 7) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Ronald Martinez ("Martinez"). At the time of filing, Martinez was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Martinez challenged his continued detention pending removal.

Because Martinez has been removed from the United States, the Motion to Dismiss (ECF No. 7) should be GRANTED.

I. **Background**

Martinez is a native and citizen of El Salvador who was ordered removed by an immigration judge. ECF No. 1. Martinez sought his release from custody pending removal.

In its Motion to Dismiss (ECF No. 7), the Government states that Martinez has been deported. Martinez's attorney does not oppose the Motion.

## II. Law and Analysis

The relief sought by Martinez was his immediate release from custody. However, Martinez is no longer in DHS/ICE custody. ECF No. 7-1 at 1.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the Government's unopposed contention that Martinez has been removed, the § 2241 Petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Martinez is no longer in DHS/ICE custody, IT IS RECOMMENDED that the unopposed Motion to Dismiss (ECF No. 7) be GRANTED, and Martinez's Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of June 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE